| | DATE FILED: July 31, 2017 2:04 PM<br>FILING ID: 1FB1FAFAE7681<br>CASE NUMBER: 2017CV30076 |
|---|---|
| DISTRICT COURT, PITKIN, COLORADO<br>506 E. Main St., #300<br>Aspen, CO 81611<br>Phone: 970-925-7635 | |
| *Plaintiff:* **Phil Kosowski**, an individual<br><br>v.<br><br>*Defendant:* **Wells Fargo Bank, N.A.,** a corporation | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>Lucas F. Van Arsdale, Atty. Reg. No. 42574<br>Eric M. Theile, Atty. Reg. No. 49708<br>   BALCOMB & GREEN, P.C.<br>   Post Office Drawer 790<br>   Glenwood Springs, CO 81602<br>Phone:  (970) 945-6546<br>E-mail: lucas@balcombgreen.com;<br>           eric@balcombgreen.com | Case No. 17 CV ____ |
| **COMPLAINT** ||

Plaintiff, by its undersigned counsel, requests relief against Defendant and in support alleges as follows:

1. This is an action for damages to prevent further harm to Plaintiff and to prevent Defendant's future violations of the Federal Fair Credit Reporting Act (FCRA).

### I.   PARTIES

2. Plaintiff, Phil Kosowski, ("Kosowski") resides in Garfield County, Colorado.

3. Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") is a corporation doing business in Colorado under the name Wells Fargo Dealer Services.

4. Wells Fargo is a "furnisher" within the meaning of the FCRA, 15 U.S.C. §1681s-2 *et seq.*, because … it furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.

5. Kosowski is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c), because he is an individual.

6. Kosowski acted as a "consumer" at all times relevant to this Complaint.

**EXHIBIT 4**

## II.  JURISDICTION AND VENUE

7.  Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124, Article 6, section 9(1) of the Colorado Constitution, and 15 U.S.C. §1681p.

8.  Wells Fargo has already submitted to this jurisdiction by reporting credit information in this jurisdiction.

9.  Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because Wells Fargo has engaged in substantial business contacts in Garfield County, Colorado.

10.  Wells Fargo is liable to Kosowski pursuant to the FCRA, 15 U.S.C. §1681 *et seq.* as well as other applicable state and federal laws.

## III.  FACTS

11.  In October of 2014, Kosowski obtained a loan with Wells Fargo to purchase an automobile.

12.  Wells Fargo assigned Kosowski account number 8762915080.

13.  Thereafter in 2014 Kosowski spoke with Wells Fargo regarding making larger than required monthly payments in order to repay his loan quicker and to reduce the overall amount of interest he would pay.

14.  Wells Fargo told Kosowski that he could make payments larger than the minimum required payments, and make payments more often than the required monthly payment, but he would have to do so at a Wells Fargo bank branch location.

15.  In November 2014, Kosowski began making payments on the loan that were larger than the minimum payment and did so at a Wells Fargo bank branch location per Wells Fargo's instructions.

16.  Unbeknownst to Kosowski, the Wells Fargo branch-location employees who accepted payments from Kosowski applied the entire amount of the payment to the principal balance without Kosowski's knowledge or consent.

17.  By not attributing any amount of Kosowski's payments towards the interest due, Wells Fargo's records began showing Kosowski's account had a past-due balance.

18. Wells Fargo did not notify Kosowski of the past-due balance for several months.

19. In August 2015, Kosowski became aware that Wells Fargo branch-location employees had misapplied his payments.

20. In August 2015, Kosowski also learned that Wells Fargo had falsely reported negative information to one or more of the credit reporting agencies.

21. Because of Wells Fargo's negative and false report to Kosowski's credit bureaus, Kosowski was denied a $50,000 loan from Alpine Bank to make a purchase for inventory for resale at his business.

22. Kosowski incurred damages in the form of lost profits in the amount of $53,000 as a result of Wells Fargo's negative and false report.

23. In a letter dated November 7, 2016, Wells Fargo acknowledged that its negative report to Kosowski's credit bureaus was false.

24. In a letter dated January 17, 2017, Kosowski provided Wells Fargo with the total of the damages caused by Wells Fargo's negative and false report.

25. Wells Fargo has failed to pay Kosowski for any of his damages.

### IV. CAUSE OF ACTION
### (FCRA Violation – 15 U.S.C. §1681s-2(b))

26. The allegations in the above paragraphs are incorporated as if set forth verbatim here.

27. Wells Fargo violated 15 U.S.C. §1681s-2(a) and (b) by furnishing false information to consumer reporting agencies ("CRAs") which it had reasonable cause to know was inaccurate; by failing to fully and properly investigate Kosowski's disputes of Wells Fargo's representations; by failing to review all relevant information regarding same; by failing to accurately respond to CRAs; by failing to correctly report results of an accurate investigation to another credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Wells Fargo's representations to the consumer credit reporting agencies.

28. Because of Wells Fargo's conduct, Kosowski suffered, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Kosowski's normal and usual activities for which he seeks damages in an amount to be determined at trial.

29. Wells Fargo's conduct, action and inaction was negligent, entitling Kosowski to

recover damages under 15 U.S.C. §1681o.

30.     Kosowski is entitled to recover costs and attorneys' fees from Wells Fargo pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## V.     RELIEF SOUGHT

WHEREFORE, Kosowski prays for judgment to be entered against Wells Fargo as follows:

A.     For statutory and actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. §1681 *et seq.*;

B.     For incidental and consequential damages in an amount to be proven at trial;

C.     For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1681 *et seq.*;

D.     For pre- and post-judgment interest on the above amounts as authorized by law;

E.     For other relief as the Court deems just and equitable;

F.     For leave to seek C.R.C.P. 23(b) status if information becomes available through discovery supporting the need for class action status.

## VI.     DEMAND FOR TRIAL BY JURY

Kosowski requests a trial by jury pursuant to U.S. Const. Amend. 7 and C.R.C.P. 38.

Respectfully submitted July 31st, 2017.

                                              BALCOMB & GREEN, P.C.

                              By:     _____
                                              Eric M. Theile, Atty. Reg. No. 49708
                                              Lucas F. Van Arsdale, Reg. No. 42574
                                              *Attorneys for Plaintiff*